Case 1:16-cr-00764-PAE Document 4 Filed 11/17/16 Page 1 of 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/16

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :    SEALED INDICTMENT
                                  :
         - v. -                   :    16 Cr.
                                  :
VLADIMIR LYUBISHIN, SR.,          :
VLADIMIR LYUBISHIN, JR., and      :
HAMIT NASIRLIOGLU,                :
    a/k/a "James Nasirlioglu,"    :
                                  :
             Defendants.          :
                                  :
- - - - - - - - - - - - - - - - - - x
```

16 CRIM 764

COUNT ONE
(Narcotics Importation Conspiracy)

The Grand Jury charges:

1. From at least in or about the fall of 2015, up to and including in or about November 2016, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry into the United States is expected be the Southern District of New York, together with others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

**JUDGE ENGELMAYER**

2.  It was a part and object of the conspiracy that VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending, knowing, and having reasonable cause to believe that such substance would be imported into the United States from a place outside thereof, in violation of Sections 812, 959(a), 959(d), 960(a)(3), 960(b)(1)(B), and 963 of Title 21, United States Code.

### Overt Acts

3.  In furtherance of the conspiracy, and to effect the illegal object thereof, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, and others known and unknown, committed the following overt acts, among others:

   a.  On or about December 5, 2015, NASIRLIOGLU met with a confidential source ("CS-1") working with the Drug Enforcement Administration ("DEA") in a particular country ("Country-1") to discuss supplying CS-1 with weapons to protect cocaine shipments to the United States (the "Weapons Transaction").

b. On or about June 22, 2016, LYUBISHIN, SR. and LYUBISHIN, JR. met with CS-1 and a second DEA confidential source ("CS-2") in a particular country ("Country-2") to discuss the Weapons Transaction.

c. On or about August 19, 2016, LYUBISHIN, SR. and LYUBUSHIN, JR. met with CS-1, CS-2, and a third DEA confidential source ("CS-3") in a particular country ("Country-3") to discuss the Weapons Transaction, during which meeting LYUBISHIN, SR. and LYUBISHIN, JR. showed to the confidential sources various types of military-grade weapons, including, among others, anti-aircraft missiles.

d. On or about September 16, 2016, LYUBISHIN, JR. participated in a telephone call with CS-1 and CS-3, during which call LYUBISHIN, JR. stated, in substance and in part, that LYUBISHIN, JR. and LYUBISHIN, SR. were prepared to supply anti-aircraft missiles to the confidential sources as part of the Weapons Transaction.

e. On or about November 9, 2016, LYUBISHIN, SR. and LYUBISHIN, JR. met with CS-1, CS-2, and CS-3 in Country-3 to discuss and effectuate the Weapons Transaction, during which meeting LYUBISHIN, SR. and LYUBISHIN, JR. showed to the confidential sources various types of military-grade weapons.

(Title 21, United States Code, Sections 959(a), 959(d), and 963; Title 18, United States Code, Section 3238.)

COUNT TWO
(Attempted Narcotics Importation)

The Grand Jury further charges:

4.   From at least in or about the fall of 2015, up to and including in or about November 2016, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry into the United States is expected to be the Southern District of New York, intentionally and knowingly did attempt to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959(a) and 963 of Title 21, United States Code.

5.   The controlled substance the defendants attempted to distribute was five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 960(a)(3), and 960(b)(1)(B) of Title 21, United States Code.

(Title 21, United States Code, Sections 959(a), 959(d), and 963;
Title 18, United States Code, Section 3238.)

4

COUNT THREE
(Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Offense)

The Grand Jury further charges:

6. From at least in or about the fall of 2015, up to and including in or about November 2016, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and others known and unknown, did knowingly combine, conspire, confederate, and agree to the use and carrying of firearms, including machineguns, during and in relation to, and the possession of firearms, including machineguns, in furtherance of, a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics importation offenses charged in Count One and Count Two.

Overt Acts

7. In furtherance of the conspiracy, and to effect the illegal object thereof, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, and others known and unknown,

committed the overt acts alleged in Paragraph 3 above, among others, which acts are realleged and incorporated as if set forth here in full.

(Title 18, United States Code, Sections 924(o), 2, and 3238.)

## COUNT FOUR
(Conspiracy to Acquire and Transfer Anti-Aircraft Missiles)

The Grand Jury further charges:

8. From at least in or about the fall of 2015, up to and including in or about November 2016, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, VLADIMIR LYUBISHIN, SR. and VLADIMIR LYUBISHIN, JR., the defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree to violate Section 2332g of Title 18, United States Code.

9. It was a part and an object of the conspiracy that VLADIMIR LYUBISHIN, SR. and VLADIMIR LYUBISHIN, JR., the defendants, and others known and unknown, would and did knowingly acquire, transfer directly and indirectly, receive, possess, and export (1) an explosive and incendiary rocket and missile that is guided by a system designed to enable the rocket and missile to seek and proceed toward energy radiated and

reflected from an aircraft and toward an image locating an aircraft, and otherwise direct and guide the rocket and missile to an aircraft, and (2) a device designed and intended to launch and guide said rocket and missile, in violation of Sections 2332g(a)(1)(A) and (B) of Title 18, United States Code.

## Overt Acts

10. In furtherance of the conspiracy, and to effect the illegal object thereof, VLADIMIR LYUBISHIN, SR. and VLADIMIR LYUBISHIN, JR., the defendants, and others known and unknown, committed the overt acts alleged in Paragraph 3 above, among others, which acts are realleged and incorporated as if set forth here in full.

(Title 18, United States Code, Sections 2332g(a)(1)(A) and (B), (b)(1), (b)(4), (b)(5), (c)(1), and 3238.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE, TWO, AND FOUR

11. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, VLADIMIR LYUBISHIN, SR., VLADIMIR LYUBISHIN, JR., and HAMIT NASIRLIOGLU, a/k/a "James Nasirlioglu," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be

used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

  12. As a result of committing the offense alleged in Count Four of this Indictment, VLADIMIR LYUBISHIN, SR. and VLADIMIR LYUBISHIN, JR., the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), any and all assets, foreign and domestic, of the defendant; any and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offense; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing said offense; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

### Substitute Assets Provision

  13. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VLADIMIR LYUBISHIN, SR.,
VLADIMIR LYUBISHIN, JR., and
HAMIT NASIRLIOGLU,
a/k/a "James Nasirlioglu,"

Defendants.

## SEALED INDICTMENT

16 Cr.

(18 U.S.C. §§ 924(o), 2332g, 3238, and
2; 21 U.S.C. §§ 959, 963.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

11/17/16 - Filed Sealed Indictment
a/w issued